UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-11972-GAO

MARILYNN PILALAS, individually and on behalf of all other consumers similarly situated,
Plaintiff,

v.

DANIEL CADLE, individually and as owner or controller of various legal entities and as Partner in Bobby D Associates, BUCKEYE RETIREMENT CO. LLC, an Ohio Limited Liability Company, THE CADLE COMPANY, an Ohio Corporation and as GP of: Atlanta Joint Venture, LP, an Ohio Limited Partnership, Church Joint Venture, LP, an Ohio Limited Partnership, DAN Joint Venture II, LP, an Ohio Limited Partnership, DAN Joint Venture III, LP, an Ohio Limited Partnership, Hillbilly Joint Venture, LP, an Ohio Limited Partnership, Montana Joint Venture, LP, an Ohio Limited Partnership, Nashville Joint Venture, LP, an Ohio Limited Partnership, SCR Joint Venture, LP, an Ohio Limited Partnership, United Joint Venture, LP, an Ohio Limited Partnership, THE CADLE COMPANY II, INC., an Ohio Corporation, THE CADLE COMPANY OF OHIO, INC., an Ohio Corporation and as GP of DAN Joint Venture, LP, an Ohio Limited Partnership, CADLEROCK INC., an Ohio Corporation and as GP of Cadlerock Joint Venture, LP, an Ohio Limited Partnership, CADLEROCK II INC., an Ohio Corporation and as GP of Cadlerock II Joint Venture, LP, an Ohio Limited Partnership, CADLEROCK LLC, an Ohio Limited Liability Co., CADLES OF GRASSY MEADOWS II, LLC, an Ohio Limited Liability Company, CADLE PROPERTIES OF MASSACHUSETTS, INC., a Massachusetts Corporation, CADLE COMPANY OF CONNECTICUT, INC., a Connecticut Corporation, CADLEWAY PROPERTIES INC., a Texas Corporation, C&W ASSET ACQUISITION LLC, an Ohio Limited Liability Company, MOUNTAINEER INVESTMENTS LLC, an Ohio Limited Liability Company, NEW FALLS CORPORATION, an Ohio Corporation, and ROSWELL PROPERTIES LLC, an Ohio Limited Liability Company,
Defendants.

OPINION AND ORDER
May 17, 2010

O'TOOLE, D.J.

Marilynn Pilalas is a Massachusetts consumer who filed a class action lawsuit in the Massachusetts Superior Court against Daniel Cadle and numerous business entities he purportedly owns and controls (collectively, "Cadle"). Generally, the complaint alleges that Cadle has engaged in unlicensed, unlawful consumer debt collection activities, including directly

communicating with and receiving payments from Massachusetts consumers regarding debt Cadle purchased in default in violation of several cease and desist directives issued by the Massachusetts Division of Banks. Cadle removed the case, asserting that this Court has jurisdiction on numerous grounds, and Pilalas now moves that the case be remanded.

On this record, I find that federal diversity jurisdiction exists, see 28 U.S.C. § 1332, and as a result, I do not reach other jurisdictional grounds argued by Cadle. First, as to the amount in controversy, Cadle has sustained his burden of demonstrating that Pilalas's claims reach the jurisdictional threshold. See Danca v. Private Health Care Sys., Inc., 185 F.3d 1, 4 (1st Cir. 1999). Pilalas's compensatory damages alone, measured at approximately $3,000 in restitution for payments she allegedly made as a result of Cadle's unlawful debt collection activities, would not suffice. However, she also seeks unspecified consequential damages, perhaps based on her implicit allegations of psychological harm due to living "in fear" of Cadle's "harassment and threats." (Compl. ¶ 16(6).) She also seeks treble damages under Chapter 93A and attorney's fees, which she rightly may collect pursuant to Chapter 93A, see Spielman v. Genzyme Corp., 251 F.3d 1, 7 (1st Cir. 2001). The attorney's fees are not presently quantifiable, but given the nature of the claims, fees for successfully prosecuting the case may reasonably be expected to be substantial. Moreover, she seeks injunctive relief to enjoin Cadle from directly communicating with her and from receiving payments from her, which, taken together with the restitution, would cost Cadle almost $8,700, the outstanding credit card balance Cadle allegedly claims she owes. See Hunt v. Wash. State Apple Adver. Comm'n, 432 U.S. 333, 347 (1977) (noting that in suits involving injunctive relief, the amount in controversy is measured by the value of the object of the litigation). Taken together, Pilalas's claims cumulate to satisfy the amount in controversy requirement for diversity jurisdiction.

The additional requirement that there be complete diversity, however, is complicated by the plaintiff's naming of Cadle Properties of Massachusetts, Inc. as a defendant. That company's principal place of business is in Massachusetts, where Pilalas resides. Normally this would thwart a defendant's removal efforts, but Cadle claims that Pilalas fraudulently joined Cadle Properties of Massachusetts in order to prevent removal on diversity grounds. In her motion to remand, Pilalas does not address the issue.

The complaint contains no specific allegations of conduct attributed to Cadle Properties of Massachusetts. Although the action is styled as a class action, no class has yet been certified, and Pilalas is the only party plaintiff. Cadle asserts that Cadle Properties of Massachusetts has never done business or interacted with Pilalas, an allegation Pilalas does not dispute. Further, Cadle maintains that the entity does not own any debt at issue in the lawsuit. Consequently, based on the pleadings, even viewed in the light most favorable to the plaintiff, there is no objectively reasonable basis for Pilalas's claims against Cadle Properties of Massachusetts. See Mills v. Allegiance Healthcare Corp., 178 F. Supp. 2d 1, 4-6 (D. Mass. 2001). Because a party fraudulently joined to defeat removal is disregarded to determine diversity, see Polyplastics, Inc. v. Transconex, Inc., 713 F.2d 876, 877 (1st Cir. 1983), there is complete diversity between Pilalas and the remaining defendants.

Accordingly, Pilalas's motion to remand (dkt. no. 23) is DENIED. In light of this decision, Pilalas's motion to stay (dkt. no. 31) is moot. Pilalas shall file a response to the defendants' pending motion to dismiss (dkt. no. 29) within twenty-one days of this Opinion and Order.

It is SO ORDERED.

      /s/ George A. O'Toole, Jr.
United States District Judge