UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-11972-GAO

MARILYNN PILALAS, individually and on behalf of all other consumers similarly situated,
Plaintiff,

v.

DANIEL CADLE, individually and as owner or controller of various legal entities and as Partner in Bobby D Associates, BUCKEYE RETIREMENT CO. LLC, an Ohio Limited Liability Company, THE CADLE COMPANY, an Ohio Corporation and as GP of: Atlanta Joint Venture, LP, an Ohio Limited Partnership, Church Joint Venture, LP, an Ohio Limited Partnership, DAN Joint Venture II, LP, an Ohio Limited Partnership, DAN Joint Venture III, LP, an Ohio Limited Partnership, Hillbilly Joint Venture, LP, an Ohio Limited Partnership, Montana Joint Venture, LP, an Ohio Limited Partnership, Nashville Joint Venture, LP, an Ohio Limited Partnership, SCR Joint Venture, LP, an Ohio Limited Partnership, United Joint Venture, LP, an Ohio Limited Partnership, THE CADLE COMPANY II, INC., an Ohio Corporation, THE CADLE COMPANY OF OHIO, INC., an Ohio Corporation and as GP of DAN Joint Venture, LP, an Ohio Limited Partnership, CADLEROCK INC., an Ohio Corporation and as GP of Cadlerock Joint Venture, LP, an Ohio Limited Partnership, CADLEROCK II INC., an Ohio Corporation and as GP of Cadlerock II Joint Venture, LP, an Ohio Limited Partnership, CADLEROCK LLC, an Ohio Limited Liability Co., CADLES OF GRASSY MEADOWS II, LLC, an Ohio Limited Liability Company, CADLE PROPERTIES OF MASSACHUSETTS, INC., a Massachusetts Corporation, CADLE COMPANY OF CONNECTICUT, INC., a Connecticut Corporation, CADLEWAY PROPERTIES INC., a Texas Corporation, C&W ASSET ACQUISITION LLC, an Ohio Limited Liability Company, MOUNTAINEER INVESTMENTS LLC, an Ohio Limited Liability Company, NEW FALLS CORPORATION, an Ohio Corporation, and ROSWELL PROPERTIES LLC, an Ohio Limited Liability Company,
Defendants.

OPINION AND ORDER
September 29, 2010

O'TOOLE, D.J.

Massachusetts consumer Marilynn Pilalas has brought this class action against Daniel Cadle and numerous business entities purportedly owned and controlled by him. Pilalas generally claims that the defendants have engaged in unlicensed, unlawful consumer debt collection activities, including communicating with and receiving payments from Massachusetts

consumers in violation of orders by the Massachusetts Division of Banks to cease and desist. The defendants, with the exception of The Cadle Company and Cadlerock II Joint Venture,[1] now move to dismiss the claims against them. Pilalas opposes the motion.

The defendants argue that Pilalas only has standing to sue The Cadle Company and Cadlerock II Joint Venture, LP, as she has never had any contact with the other defendants. Their primary concern appears to be the unremarkable notion that Pilalas, as a named plaintiff of a purported class action, must establish standing to present her own individual claims and cannot acquire standing through the claims of hypothetical class members. In response, Pilalas maintains that although she may have only had contact with those two defendants, she has standing to sue all the defendants because she alleges a civil conspiracy cause of action in which they acted as co-conspirators in a joint scheme.

Massachusetts recognizes civil conspiracy claims, see Aetna Cas. Sur. Co. v. P & B Autobody, 43 F.3d 1546, 1563-64 (1st Cir. 1994), and under certain circumstances, members of a conspiracy have joint and several liability for the actions of their co-conspirators, see Smith v. Jenkins, --- F. Supp. 2d ---, No. 07-12067-RGS, 2010 WL 2465422, at *11 (D. Mass. June 18, 2010). Pilalas alleges, among other things, that the defendants engaged in a civil conspiracy to unlawfully coerce consumers, including herself, to pay them money they had no legal right to collect. She provides factual allegations regarding some of these alleged co-conspirators, including Daniel Cadle individually and as partner of Bobby D Associates, The Cadle Company, DAN Joint Venture II, LP, DAN Joint Venture III, LP, The Cadle Company II, Inc., Cadlerock Joint Venture, LP, Cadlerock II Joint Venture, LP, and Cadleway Properties, Inc. According to

---

[1] There are some minor discrepancies between the caption of the complaint and the lists of defendants in the motion's title and signature. Based on the text of the motion, the Court construes the motion as one brought by all defendants but The Cadle Company and Cadlerock II Joint Venture, LP, seeking to dismiss the same.

the complaint, these defendants owned various types of identified debts that Cadle, through The Cadle Company, attempted to collect from specified Massachusetts consumers without a license, without disclosing the true owner of the debt, and contrary to cease and desist directives issued by the Division of Banks.

Pilalas's claims against these defendants, who hypothetically could be held jointly and severally liable for her alleged economic and emotional injuries, however, say nothing about how any of them acted in relation to her. Moreover, her conspiracy allegations are general and vague. Although a civil conspiracy among all the defendants is theoretically possible, the plaintiff's claims are too vague under the recent Supreme Court decisions, Bell Atlantic Corp. v. Twomby, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, --- U.S. ---, 129 S. Ct. 1937 (2009), which require a plaintiff to plead more factual matter than exists in the present complaint to state a plausible claim against the moving defendants. The Court need not credit bald assertions and conclusions unsupported by any stated facts. See Sea Shore Corp. v. Sullivan, 158 F.3d 51, 54 (1st Cir. 1998).

For the foregoing reasons, the defendants' motion to dismiss (dkt. no. 29) is GRANTED. The claims that stand are those asserted against The Cadle Company and Cadlerock II Joint Venture, LP.

It is SO ORDERED.

    /s/ George A. O'Toole, Jr.
United States District Judge