UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-11972-GAO

MARILYNN PILALAS, individually and on Behalf of all other consumers similarly
situated,
Plaintiff,

v.

THE CADLE COMPANY and CADLEROCK JOINT VENTURE II, LP,
Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION
September 23, 2011

O'TOOLE, D.J.

I have reviewed the magistrate judge's "Report and Recommendation on
Defendants' Motion for Summary Judgment" (dkt. no. 60) ("R&R"), the parties' original
submissions in support of and in opposition to the summary judgment motions, the
plaintiff's objection to the R&R, and defendants' reply to that objection. I agree with the
magistrate judge that the release executed by the plaintiff in 2005 bars her present claims
and further that she has not offered evidence of circumstances that would justify relieving
her of the effect of the release. I note that allegations of fear are not in themselves
sufficient to establish that in executing the release she was acting under coercion or
duress. Coveney v. President & Trs. of Coll. of Holy Cross, 445 N.E.2d 136, 140 (Mass.
1983) (to avoid a contract, duress requires fear amounting to loss of free will). I also
agree that her claims are time-barred unless the running of the limitations period has been
tolled and that the pendency of the Shanley case as a *putative* class action did not toll the

limitations period for the plaintiff's claims. Nor has the plaintiff offered any factual evidence of fraudulent concealment on the part of the defendants that might otherwise toll the limitations period.

Accordingly, I ADOPT the recommendation that the defendants' summary judgment motion be GRANTED and that judgment be entered for the defendants.

It is SO ORDERED.


_/s/ George A. O'Toole, Jr._
United States District Judge

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PILALAS, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action No. 09-11972-GAO |
| | ) |
| THE CADLE CO., et al., | ) |
| | ) |
| Defendants. | ) |

REPORT AND RECOMMENDATION
ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

June 17, 2011

SOROKIN, M.J.

Currently pending is the Defendants' Motion for Summary Judgment. Docket # 43. For the following reasons, I RECOMMEND that the Court ALLOW the Defendants' motion.

I.    FACTUAL BACKGROUND

Plaintiff Marilynn Pilalas's husband died on December, 10, 2002. Docket # 52 at ¶(II)(1). Both before and after his death, the Cadle Company and later Cadlerock Joint Venture II, LP (CadleRock) sought to collect a debt, first from Pilalas's husband, and then from Pilalas herself. Id. at ¶¶(II)(1)-(2). Pilalas maintained that she was not responsible for her husband's debt. Id. at ¶(II)(2). The debt was owed to Bank of New York on a credit card and was sold to the Cadle Company, which in turn assigned the debt to Cadlerock. Docket # 52-1 at 6, 9.

On May 23, 2005, Cadlerock (represented by counsel) sued Pilalas in Plymouth District

1

Case 1:09-cv-11972-GAO   Document 65   Filed 09/23/11   Page 4 of 10

Court seeking damages in the amount of $8,672.21. Docket # 52 at ¶¶ (I)(1)-(2). Cadlerock

served discovery requests upon Pilalas. Id. at ¶ (I)(3). Pilalas answered the Complaint and

served discovery responses. Id. at ¶ (I)(4). Pilalas was not represented by counsel. Docket # 46-

5. On August 4, 2005, a Cadlerock account officer wrote to Pilalas proposing a resolution: that it

would accept $4,400.00 (paid in monthly payments of $100.00) along with a Release executed by

Pilalas, to settle the account in full. Docket # 52-1 at 14. Pilalas signed the release. Id. at 15.

Both parties signed a stipulation of dismissal without prejudice, with counsel signing for

Cadlerock, and it was filed with the court. Docket # 52-2 at 19-20. The release and stipulation

of dismissal were executed in August, 2005. Id. at 20; Docket # 52-1 at 15. Neither party has

made any further filings with the Plymouth District Court relating to this matter. Docket # 52-2

at 3.

       The Release which Pilalas signed provides, in relevant part:

> As consideration therefor, the undersigned agree(s) to execute this
> Release in favor of the Bank, CadleRock Joint Venture II, LP, and its
> affiliates ("Released Parties"), as third party beneficiaries. Obligor(s),
> his her/their, heirs and assigns, for itself, its successors and assigns (as the
> appropriate case may be) hereby releases, acquits and forever discharges
> the Released Parties, their agents, servants and employees, and all persons
> and entities in privity with them or any of them, from any and all claims or
> causes of action of any kind whatsoever, at common law, statutory or
> otherwise, which Obligor(s) and those on whose behalf Obligor(s) sign(s)
> has, have or might have, whether known or unknown, now existing or
> arising hereafter, directly, indirectly or remotely attributable or related to
> the above described Note(s) and/or Judgment(s), this Release being
> intended and understood to release all present and future claims of any
> kind which Obligor(s) and those on whose behalf Obligor(s) sign(s) might
> have against those hereby released, arising from or growing out of any act
> or omission occurring prior to the date of this Release.

       Docket # 52-1 at 15.

2

Nothing in this document releases Pilalas from any claims by Cadlerock or others. Id. The proposal letter stated that if Pilalas made forty-four payments of $100.00 by May 15, 2009, then CadleRock would consider the account to be, "settled in full." Docket # 52-1 at 14. Thereafter, Pilalas made $100 payments (although not every month) by sending checks to "The Cadle Company" beginning in September, 2005, and continuing through July, 2008. Docket # 52 at ¶¶ (I)(8), (II)(11). Pilalas lost her job in 2008 and ceased making payments. Id. at ¶ (II)(11). At no time subsequent to the August, 2005, settlement did any representative of CadleRock or The Cadle Company contact Pilalas, either orally or in writing (including during the period after Pilalas had ceased making payments). Id. at ¶¶ (I)(8-9).

Pilalas maintains that the Release was obtained by misrepresentation – that the document "falsely represented the [Cadle Company] as a previous owner who "assigned" the debt to Cadlerock instead of the truth that [Cadle Company] was Cadlerock's undisclosed unlicensed debt collector." Id. at (II)(9-10). Pilalas also alleges that she signed the release forms and made the payments subscribed supra because she was "afraid of what Cadle would do to me if I did not." Id. at (II)(11).

Pilalas filed the instant lawsuit on November 16, 2009. Docket # 1 at 2. It is a putative class action against The Cadle Company and Cadlerock alleging unlicensed unlawful consumer debt collection activities (including communicating with and receiving payments from Massachusetts consumers in violation of orders issued by the Massachusetts Division of Banks). Docket # 1-2 at ¶ 1. Although the Complaint contains allegations and information regarding other consumers, Pilalas is the only plaintiff in this action.

II.     DISCUSSION

Summary judgment is appropriate when "the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(a).   Once a party has properly supported its motion for summary judgment, the

burden shifts to the non-moving party, who "may not rest on mere allegations or denials of his

pleading, but must set forth specific facts showing there is a genuine issue for trial." Barbour v.

Dynamics Research Corp., 63 F.3d 32, 37 (1st Cir.1995)(quoting Anderson v. Liberty Lobby,

Inc., 477 U.S. 242, 256 (1986)).   Moreover, the Court  is "obliged to view the record in the light

most favorable to the nonmoving party, and to draw all reasonable inferences in the nonmoving

party's favor." LeBlanc v. Great American Ins. Co., 6 F.3d 836, 841 (1st Cir.1993).   Even so, the

Court is to ignore "conclusory allegations, improbable inferences, and unsupported speculation."

Sullivan v. City of Springfield, 561 F.3d 7, 14 (1st Cir.2009)(citing Prescott v. Higgins, 538 F.3d

32, 39 (1ˢᵗ Cir. 2008)(quoting Medina-Munoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1ˢᵗ

Cir. 1990))).

   The Release

Pilalas made a complete and unequivocal release and waiver of all her claims against

Calderock or its affiliates.   Docket # 52-1 at 15.   "Massachusetts law favors the enforcement of

releases." Sharon v. City of Newton, 437 Mass. 99, 105 (2002).   While any doubts about the

interpretation of a release must be resolved in the favor of the plaintiff, an unambiguous and

comprehensive release will be enforced as drafted.   Cormier v. Central Massachusetts Chapter of

the National Safety Council, 416 Mass. 286, 288 (1993).   Ordinarily, extrinsic evidence is

inadmissible to explain a release.   White Constr. Co. Inc. V. Commonwealth, 11 Mass. App. Ct.

4

640, 644 (1981), aff'd 385 Mass. 1005 (1982).

Pilalas challenges the release on two grounds. First, she asserts that the Release "fraudulently" identifies the Cadle Company as the owner of the debt, which has assigned it to Cadlerock. Docket # 51 at 10. Pilalas contends (without pointing to evidentiary support in the record) that in actuality, Cadlerock carried the debt as its own asset and that the Cadle Company was the undisclosed debt collector. Id. She argues that the release was fraudulently obtained, and that no release of claims against the Cadle Company existed even by the Release's plain terms. Id.

These arguments are without merit. Pilalas submits no evidence that at the time of the release, the Release incorrectly (let alone fraudulently) recounted the title history of the debt. Additionally, the Release purports to release claims against Cadlerock and all of its affiliates – which surely includes The Cadle Company (which Pilalas alleges in the Complaint is affiliated with Cadlerock).

Moreover, even if the facts were as Pilalas contends, she has not shown how they defeat the release as a matter of law or create a genuine issue of material fact. See Nei v. Burley, 388 Mass. 307, 311 (1983) (requiring reasonable reliance on a material misrepresentation to demonstrate fraudulent inducement). In any event, by signing the stipulation of dismissal, accepting the dismissal of the lawsuit, making $100 payments for several years and waiting many years to repudiate the release, Pilalas ratified or affirmed the Release. In re Boston Shipyard Corp, 886 F.2d 451, 455 (1st Cir. 1989)(ruling that "like in cases of fraud, one seeking to repudiate an agreement allegedly entered into under duress must promptly complain of the circumstances under which the document was signed.")(quoting In re Boston Shipyard Corp.,

886 F.2d 451, 455 (1ˢᵗ Cir. 1989)).

Pilalas' Claims are Untimely

Under Massachusetts law, Pilalas's claims for fraud and for violation of M.G.L. c. 93A are subject to three and four-year statutes of limitations, respectively. Stolzoff v. Waste Systems Intern., Inc., 58 Mass.App.Ct. 747, 755 (2003) (fraud); Lambert v. Fleet Nat. Bank, 449 Mass. 119, 126 (2007) (M.G.L. c. 93A). This case was filed on November 16, 2009. Thus, claims arising prior to November 16, 2005, are untimely. All of the wrongful conduct alleged by Pilalas occurred prior to the August, 2005, resolution of the Plymouth District Court case. Pilalas concedes that the Defendants have not contacted her since that time. Docket # 52 at ¶¶ (I)(8-9). This lawsuit was simply filed too late to challenge the harassing conduct which Pilalas alleges occurred between 2003 (or earlier) and August, 2005, and it does not allege misconduct after the settlement of the Plymouth District Court case in August, 2005.

Pilalas contends that under the doctrine and progeny of American Pipe & Const. Co. v. Utah, 414 U.S. 538, 553-54 (1974), the filing of Shanley et al. v. Cadle et al., Civil Action No. 07-cv-12247 on November 27, 2007, tolled the statute of limitations as to Pilalas because she is a member of the putative class proposed in Shanley (an action which shares several defendants with the instant case).[1] However, because Pilalas filed her own lawsuit before the rendering of a decision on class certification in Shanley, she is not entitled to avail herself of the protection of American Pipe tolling. See Glater v. Eli Lilly & Co. 712 F.2d 735, 739 (1st Cir. 1983) (tolling rationale of American Pipe not applicable to ability to maintain a separate action while class

---

[1] A Motion to Certify class is currently pending in that case.

certification remains pending); Crown, Cork & Seal Co., Inc. v. Parker, 462 U.S. 345, 351 (1983)

(American Pipe's tolling rule was designed to avoid the needless multiplicity of actions which

might otherwise result if putative class members were forced to file separate actions prior to a

ruling on class certification); Wyser-Pratte Management Co., Inc. v. Telxon Corp.,

413 F.3d 553, 569 (6th Cir.2005) (purposes of American Pipe tolling are not furthered when

plaintiffs file independent actions before decision on the issue of class certification, but are when

plaintiffs delay until the certification issue has been decided); In re Ciprofloxacin Hydrochloride

Antitrust Litigation, 261 F.Supp.2d 188, 221 (E.D.N.Y.2003).

    Insofar as Pilalas contends that her act of sending $100 payment checks from 2005 until

2008 brings the defendants within the four year statute of limitations period she is incorrect.

The undisputed evidence before the Court is devoid of any evidence of any defendant taking any

action, let alone wrongful action, after the filing of the stipulation of dismissal by counsel in the

state court.  In addition, Pilalas has cited no authority for the proposition that the activity that did

occur thereafter – her mailing of payment checks and defendant's cashing of the checks –

constitutes unlawful conduct by the defendants for purposes of the statute of limitations

determination.

III.   CONCLUSION

For the foregoing reasons, I RECOMMEND that the Defendant's Motion for Summary

Judgment be ALLOWED (Docket #43) and that the Court enter judgment in this action.[2]

/s / Leo T. Sorokin
UNITED STATES MAGISTRATE JUDGE

---

[2] The Parties are hereby advised that any party who objects to these proposed findings and recommendations must file a written objection thereto within 14 days of receipt of this Report and Recommendation. The written objections must identify with specificity the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections. See Fed. R. Civ. P. 72 and Habeas Corpus Rule 8(b). The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. See Keating v. Secretary of Health and Human Services, 848 F.2d 271 (1st Cir.1988); United States v. Emiliano Valencia-Copete, 792 F.2d 4 (1st Cir.1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir.1980); United States v. Vega, 678 F.2d 376, 378-379 (1st Cir.1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir.1983); see also Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466 (1985).